1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A P. C.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiff
   Warner Bros. Home Entertainment Inc.
7
   Morgan E. Pietz (SBN 260629)
8  *mpietz@pietzlawfirm.com*
   The Pietz Law Firm
9  3770 Highland Avenue, Suite 206
   Manhattan Beach, California  90266
10 Telephone:  (310) 424-5557
   Facsimile:   (310) 546-5301
11
   Attorney for Defendant Jeongmee Ha
12 a/k/a Jennifer Ha, an individual and
   d/b/a First Video Exchange and Amazon.com
13 Seller FVE*; JHA, Inc, d/b/a First Video Exchange
    and Amazon.com Seller FVE*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Warner Bros. Home Entertainment Inc., | Case No. CV13-873 R |
| Plaintiff, | CONSENT DECREE AND PERMANENT INJUNCTION |
| v. | |
| Jeongmee Ha a/k/a Jennifer Ha, an individual and d/b/a First Video Exchange and Amazon.com Seller FVE*; JHA, Inc, d/b/a First Video Exchange and Amazon.com Seller FVE*, and Does 2-10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff Warner Bros. Home Entertainment Inc. ("Plaintiff") and Defendants Jeongmee Ha a/k/a Jennifer Ha, an individual and d/b/a First Video Exchange and Amazon.com Seller

Warner Bros. v. McMillan, et al.: [Proposed] Consent Decree        - 1 -

FVE*; and JHA, Inc, d/b/a First Video Exchange and Amazon.com Seller FVE* (collectively "Defendants"), in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to defendant Jennifer Ha and to defendant JHA, Inc. and its successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2) Plaintiff owns or controls the copyright or pertinent exclusive right to distribute or license the distribution of home video and digital products, including video home cassettes (VHS) as well as optical discs, including, but not limited to, digital versatile discs (DVDs) and Blu-ray discs (collectively "Media Products") incorporating the motion picture or television titles subject to the copyright registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Works").

3) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Works or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with them who receive actual notice of the Injunction are hereby restrained and permanently enjoined from infringing – directly, contributorily or vicariously – or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner Plaintiff's Works, including, but not limited to, the following:

a) Copying, reproducing, downloading, distributing, uploading, linking to,

      transmitting, or publicly performing, or using trademarks, trade names or logos in connection with unauthorized Media Products containing any of Plaintiff's Works;

  b)  Enabling, facilitating, permitting, assisting, soliciting, encouraging, abetting, or inducing any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of Plaintiff's Works; or

  c)  Profiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of Plaintiff's Works.

Notwithstanding the foregoing, the copyright doctrine of first sale remains in effect with respect to the future activities of Defendants and the foregoing provisions shall not in any way alter the applicability of first sale doctrine to Defendants' future activities.

5)  Each side shall bear its own fees and costs of suit.

6)  Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)  This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8)  The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9)  The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to

implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:    Dec. 30, 2013

_____
FOR Hon. Manuel L. Real
United States District Judge

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: /s/ Annie S. Wang
       J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Warner Bros. Home Entertainment Inc.

The Pietz Law Firm

By: /s/ Morgan E. Pietz
       Morgan E. Pietz
Attorney for Defendants Jeongmee Ha a/k/a Jennifer Ha, an individual and d/b/a First Video Exchange and Amazon.com Seller FVE*, and JHA, Inc. d/b/a First Video Exchange and Amazon.com Seller FVE*

**EXHIBIT A**
**COPYRIGHT REGISTRATIONS**

| Copyright Registration Number: | Title of Work: | Claimant of Work: |
|---|---|---|
| PA 1-747-830 | Too Big to Fail | Home Box Office, Inc. |
| PA 1-820-599 | The Campaign | Warner Bros. Entertainment Inc |